

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| TRAVIS E. ROYS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:11-CV-241-BL |
| | § | ECF |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

**THIS CASE** is before the court upon Plaintiff's complaint filed November 1, 2011, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for a period of disability and disability insurance benefits and for supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act. Plaintiff filed a brief in support of his complaint on June 7, 2012 (Doc. 22). Defendant filed a response on June 27, 2012 (Doc. 24). The parties consented to having the United States magistrate judge conduct all further proceedings in this matter. This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

## I.    STATEMENT OF THE CASE

Plaintiffs protectively filed applications for disability and disability insurance benefits and for supplemental security income on August 12, 2009, alleging disability beginning August 3, 2009. Tr. 154-161. Plaintiffs' applications were denied initially and upon reconsideration. Tr. 46-53, 58-63. Plaintiffs filed requests for hearings before an Administrative Law Judge, and this case came for hearing before the Administrative Law Judge ("ALJ") on January 27, 2010. Tr. 83, 33-58. Plaintiff, represented by an attorney, testified in his own behalf. Tr. 36-54. A vocational expert ("VE") provided testimony. Tr. 55-57. The ALJ issued a decision unfavorable to Plaintiff on March 19, 2010. Tr. 16-32.

In his opinion, the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. Tr. 13. The ALJ also noted that Plaintiff had acquired sufficient quarters of coverage to remain insured through March 31, 2014. *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity at any time since August 3, 2009. Tr. 15. The ALJ further found that Plaintiff has a "severe" combination of impairments, including: diabetes mellitus with neuropathy and retinopathy, and impaired vision of the left eye. *Id.* The ALJ found that Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. Tr. 15-16. The ALJ noted that he had considered Section 9.08 of the Listings, which concerns diabetes. The ALJ discussed the criteria of Section 9.08, and found that the evidence of record did not demonstrate persistent disorganization of motor function in two extremities. Tr. 16. The ALJ also noted that Plaintiff's retinopathy did not meet the criteria of Sections 2.02, 2.03, or 2.04 of the Listings. *Id.*

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms,

including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 21-22.

Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work or other work existing in the national economy.

The ALJ discussed Plaintiff's testimony and found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the symptoms he alleged. Tr. 18. The ALJ found Plaintiff's allegation as to the limiting effects of his impairments were not fully supported by the medical evidence of record. *Id.*

The ALJ noted Plaintiff's reports of numbness in his hands, feet, and legs, which caused a loss of feeling and difficulty with tying his shoes. Tr. 17. The ALJ also noted Plaintiff's allegations of syncopal episodes related to his diabetes. Tr. 18. The ALJ discussed the results of objective medical testing, such as CT scans and other imaging of Plaintiff's brain and paranasal sinuses, and the failure of such tests to reveal anything abnormal. *Id.* The ALJ noted that upon examination, Plaintiff exhibited no orthopedic limitations, normal gait and station without evidence of motor dysfunction. *Id.* The ALJ indicated that he considered Plaintiff's subjective complaints, gave him the benefit of the doubt, compared them with medical evidence of record, and found that Plaintiff's impairments limited him to a range of work at the light exertional level. *Id.*

The ALJ determined that Plaintiff retained the RFC to perform a range of light work, which did not require him to balance or climb ladders, ropes or scaffolds; that only occasionally required him to engage in kneeling, crouching, crawling, and stooping; and could perform work which required him to frequently, but not constantly engage in reaching, handing, and fingering, bilaterally.

Tr. 16. The ALJ addressed the functional requirements of such work, finding that Plaintiff can: lift and carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and walk throughout an 8-hour work day with the opportunity to periodically alternative between sitting and standing; further noted that Plaintiff should not perform work where the skill of feeling is imperative, nor should he be exposed to environments with excessive heat or cold, hazardous moving machinery, excessive humidity and wetness, or unprotected heights. *Id.* The ALJ found that Plaintiff's subjective allegations were not credible to the extent that they are inconsistent with this RFC determination. Tr. 18.

The ALJ found that Plaintiff was unable to perform any of his past relevant work. Tr. 19. The ALJ noted that Plaintiff was a younger individual, with a high school education, and the ability to communicate in English. Tr. 20. The ALJ noted that transferability of job skills was not an issue in this case because Plaintiff's past work was not skilled. Tr. 20. The ALJ noted that if Plaintiff had retained the RFC to perform a full range of light work, the Medical-Vocational Guidelines would have directed a conclusion of "not disabled." *Id.* Because of Plaintiff's limitations, the ALJ turned to the expert testimony of the VE to determine whether jobs exist in the national economy for a person of Plaintiff's age, education, work experience, and RFC. Tr. 27-28. The ALJ relied upon the testimony of the VE, who indicated that such an individual could perform the requirements of several jobs including: information clerk; storage facility rental clerk; and an office helper. Tr. 21. The VE further indicated that his testimony did not conflict with the Dictionary of Occupational Titles. The ALJ thus found that Plaintiff was not disabled. *Id.*

Plaintiff submitted a Request for Review of Hearing Decision/Order on March 4, 2011. Tr. 147-50. The Appeals Council denied Plaintiff's request on September 14, 2011, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless

concluded that there was no basis for changing the ALJ's decision. Tr. 6-9. The ALJ's decision, therefore, became the final decision of the Commissioner.

On December 22, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II.   STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton*, 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled

within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because he retained the ability to perform work in the national economy. Tr. 21.

## III. DISCUSSION

Plaintiff claims that the ALJ's decision is not supported by substantial evidence because the RFC determination does not reflect the limitations imposed by Plaintiff's severe impairments. Plaintiff specifically alleges that he experiences greater limitations in the use of his hands than is reflected in the RFC determination. The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

The claimant has the burden to prove that he is disabled within the meaning of the Social Security Act. *Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987). A physical or mental impairment is in turn defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The existence of an impairment does not in itself establish disability; a claimant is disabled only if he or she is "incapable of engaging in any substantial gainful activity." *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986).

In determining whether a claimant's physical or mental impairments are of a sufficient medical severity as to be the basis of eligibility under the law, the ALJ is required to consider the combined effects of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523. *Loza*, 219 F.3d at 393. If the ALJ finds a medically severe combination of impairments, "the combined impact of the impairments

will be considered throughout the disability determination process." *Id.* Plaintiff argues that the ALJ failed to incorporate limitations into the RFC determination which adequately reflected his limitations on the use of his hands.

The term "residual functional capacity assessment" describes an adjudicator's finding about the ability of an individual to perform work-related activities. Soc. Sec. Ruling 96-5p (July 2, 1996) ("SSR 96-5p"). The RFC assessment is based upon "*all* of the relevant evidence in the case record," including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. Soc. Sec. Ruling 96-8p (July 2, 1996) ("SSR 96-8p") (emphasis in original). The ALJ is responsible for determining a claimant's RFC. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). In making the RFC assessment and in determining the limitations imposed by a claimant's impairment(s), the ALJ is instructed to consider the entire record. Soc. Sec. Ruling 96-7p (July 2, 1996) ("SSR 96-7p").

In his opinion, the ALJ described Plaintiff's allegations as to the limitations imposed by his impairments. Tr. 17-18. The ALJ noted Plaintiff's reports of his ability to care for and walk a pet dog and other animals that live outside of his home as well as care for his stepdaughter. *Id.* The ALJ noted that upon examination and with medical testing, Plaintiff has exhibited no orthopedic limitations, a normal gait and station, without evidence of motor dysfunction or sensory loss, and a demonstrated ability to stand, sit, move about, lift, carry, and handle objects, as observed during his consultative examination. Tr. 18. The ALJ noted that although the evidence tended to show that when Plaintiff's blood sugar levels were well-controlled, he does not exhibit syncopal episodes, a limitation on exposure to dangerous workplace hazards was appropriate. The ALJ thus incorporated such limitations into the RFC finding. *Id.*

The ALJ indicated that he had found the findings of Dr. Thompson persuasive. Tr. 20. Dr. Thompson, the physician who performed a retina evaluation upon Plaintiff, opined that Plaintiff exhibited diabetic retinopathy which could be improved through laser treatment. *Id.* The ALJ also afforded weight to the opinion of the State agency medical consultant, Dr. Hernandez, who opined that Plaintiff experienced visual limitation in his left eye, but did not exhibit limitation in the vision of his right eye. *Id.* The ALJ found, however, that due to Plaintiff's alleged numbness in his extremities, he was limited to a range of work at the light exertional level; and was more limited than Dr. Hernandez found Plaintiff, having assessed him able to perform medium level work. *Id.* Similarly, the ALJ ascribed weight to the opinion of Dr. Burns, the consultative examiner, insofar as he asserted that Plaintiff retained the ability to perform activities including sitting, standing, moving about, hearing, carrying, and handling. Tr. 20. However, although he agreed with Dr. Burn's opinion on the exertional level of activity that Plaintiff could perform, the ALJ also found that Plaintiff was more limited because of Plaintiff's inability to feel. *Id.*

The ALJ compared Plaintiff's subjective allegations with the objective findings of the examining physicians. *Id.* The ALJ indicated that due to the symptoms and limitations of Plaintiff's physical impairments, he was limited to a range of work at the light exertional level. *Id.*

Plaintiff argues that the ALJ erred by failing to finding him even more limited than indicated by the RFC determination. Plaintiff notes that if he were found unable to use his hands for more than a minute or two, the VE would not have testified that he could perform the work identified.

The ALJ did not incorporate such limitation into the hypothetical question because he did not find such limitation supported by substantial evidence in the record. The ALJ need only incorporate those limitations he finds supported by the record into the RFC determination and into the hypothetical question posed to the VE. In this matter, the ALJ found that Plaintiff was more

limited than was noted by the State agency medical consultative, an examining physician, and a consultative examiner.   The ALJ found Plaintiff's subjective allegations with regard to the limitations imposed by his impairments and credible to the degree that such allegations were consistent with the RFC findings.   However, the ALJ did not find that Plaintiff had a complete and total impairment on his ability to use his hands, nor did he find that Plaintiff's hands would "lock up" and become unable within one to two minutes of use.

The ALJ's opinion demonstrates that he examined Plaintiff's allegations, as well as the records, the applicable law, and found Plaintiff more limited than noted by other physicians.   The ALJ has the sole responsibility for determining a claimant's disability status and is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. Tex. 1995) (internal citations and quotation omitted). "The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)).   The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).   The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.*   The record provides substantial evidence to support the ALJ's determination to incorporate limitations into the RFC determined which reflected the limitations imposed by Plaintiff's impairments. The ALJ appropriately weighed the evidence in determining which physician's diagnosis and recommendation on limitations was most supported by the record.

The ALJ also considered Plaintiff's subjective complaints.   The ALJ noted Plaintiff's testimony of inability to feel and incorporated limitations into the RFC finding which were consistent with the limitations found.   The ALJ noted Plaintiff's reports of his activities, such as caring for

his pet and stepchild, and his general reports of chronic pain and numbness and compared them to the medical evidence of record. The ALJ may discount subjective complaints of pain as inconsistent with other evidence in the record. *See Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003) (citing *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir. 1991) (citation omitted)). The subjective testimony of Plaintiff must be weighed against the objective evidence of medical diagnosis. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987) (citing *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983)). Subjective evidence need not take precedence over objective evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citing *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir 1988)). Moreover, a factfinder's evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence. *Villa*, 895 F.2d at 1024 (citing *Jones v. Bowen*, 829 F.2d 524, 527 (5th Cir. 1987). The ALJ's credibility determination is supported by substantial evidence in the record, and his RFC determination reflects his appropriate weighing of the opinions of the various physicians as well as other objective evidence and Plaintiff's subjective reports and testimony.

Having carefully considered the allegations of the parties, the court finds that there is substantial evidence to support the ALJ's RFC determination. The ALJ did not err in determining the limitations imposed by Plaintiff's impairments, weighing the opinions of the physicians, and considering Plaintiff's subjective allegations in formulating the RFC. The ALJ appropriately exercised his role as fact-finding in making the credibility determination. The ALJ's RFC finding is not contrary to his determination that the opinion of the consultative examiner was given only partial weight and is consistent with his credibility determination.

The court finds that the ALJ did not err and substantial evidence supports the RFC determination and the finding that Plaintiff was not disabled.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, the court finds that the Commissioner's decision is supported by substantial evidence in the record and should be affirmed, that Plaintiff's complaint should be **DISMISSED WITH PREJUDICE**, and that judgment should be entered in favor of the Defendant.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint filed December 11, 2011 (Doc. 1), is **DISMISSED WITH PREJUDICE**.

A judgment in accordance with this Memorandum Opinion and Order shall be entered accordingly.

**SO ORDERED.**

DATED this 21st day of February, 2013.

**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**